## 28860. GAINEY v. THE STATE.

NICHOLS, Presiding Justice.

Sandra Gainey was indicted for the murder of her husband and convicted of voluntary manslaughter. The jury was unable to agree upon a sentence on the sentencing phase of their deliberations and under the provisions of the Act of 1970 (Ga. L. 1970, p. 949; Code Ann. § 27-2534), the trial court removed such question from the jury's consideration and, after conducting a pre-sentence investigation, 12 days later sentenced the appellant. For the first time, in her amended motion for new trial, the appellant attacked the constitutionality of the above statute permitting the court to remove the case from the jury's consideration.

Under repeated rulings of the court the constitutional question, presented for the first time in the defendant's motion for new trial, was not timely raised so as to confer jurisdiction of the appeal upon the Supreme Court. See *Brackett v. State,* 227 Ga. 493 (181 SE2d 380); *Woods v. State,* 222 Ga. 321 (1) (149 SE2d 674).

The appeal is within the jurisdiction of the Court of Appeals and not this court.

*Transferred to the Court of Appeals. All the Justices concur, except Gunter, J., who dissents.*

ARGUED MAY 13, 1974 — DECIDED MAY 28, 1974.

*Melton, McKenna & House, James N. Butterworth,*

*Andrew W. McKenna,* for appellant.
*Fred M. Hasty, District Attorney, Charles H. Weston,* for appellee.

GUNTER, Justice, dissenting.

Enumerated error number nine of this appeal is as follows: "The trial court erred in discharging the jury from its consideration of the degree of punishment in this case (T-381) and undertaking to sentence the defendant (T-sentencing only, 7 and R-49). The said withdrawal of the sentencing from the jury and the sentencing by the court violated the constitutional rights of the accused as granted accused under the Bill of Rights to the Constitution of the State, Art. I, Sec. I, Par. V (Codified as Code Ann. § 2-105) and Art. I, Sec. I, Par. II (Codified as Code Ann. § 2-102). The Act of the General Assembly, Ga. L. 1970, pp. 949, 950 (Codified as Code Ann. § 27-2534) is unconstitutional because it violates the Constitution of the State of Georgia, Art. III, Sec. VII, Par. VIII (Codified as Code Ann. § 2-1908)."

During the second or sentencing phase of this trial the jury deliberated for approximately one and one-half hours without reaching a punishment verdict, and the trial judge then dismissed the jury as he was authorized to do pursuant to Code Ann. § 27-2534. The trial judge then entered a sentence twelve days later.

The appellant then in her motion for a new trial attacked the constitutionality of this sentencing procedure and also attacked the statute that authorized this procedure, contending that it is unconstitutional.

I think that the first opportunity that the appellant had to attack the constitutionality of this sentencing procedure and the statute authorizing it was after a judgment imposing sentence had been entered. The constitutional attacks could have been made in a direct appeal from the judgment or by a motion for a new trial contending that the sentencing procedure and statute authorizing it were unconstitutional.

Code Ann. § 6-702 provides that in all cases where a motion for a new trial is an available remedy the party entitled thereto may elect to file the motion first, or appeal directly. This Code section also provides that ". . .

the appellate court may consider all questions included in the enumeration of errors provided for in § 6-810."

Under the circumstances of this case I think that the first opportunity that the appellant had to attack the constitutionality of the sentencing procedure and the statute upon which it was based was either by direct appeal or by motion for new trial and appeal following the disposition of the motion.

I think that the constitutional issues in this appeal were properly and timely raised, I think that this court has jurisdiction in this appeal, and this case should not be transferred to the Court of Appeals.

I respectfully dissent.