## A94A0848. HARPER v. THE STATE.
(445 SE2d 300)

BEASLEY, Presiding Judge.

Following a single transaction, Harper was convicted and sentenced for selling cocaine, OCGA § 16-13-30 (b), and selling cocaine within 1,000 feet of a public housing project, OCGA § 16-13-32.5 (b). A first violation of OCGA § 16-13-30 (b) is punishable by imprisonment from five to thirty years. OCGA § 16-13-30 (f). A first violation of OCGA § 16-13-32.5 (b) is punishable by no more than 20 years imprisonment or a fine of up to $20,000, or both, and is to be served consecutively to any other sentence imposed. OCGA § 16-13-32.5 (c).

Evidence presented at trial indicated that a police officer, working undercover in her vehicle, was waved to a stop by Harper. She told him she wished to buy cocaine and Harper instructed her to drive around and come back. After doing so, she was sold cocaine by Harper.

1. Harper contends that the court erred in not declaring OCGA § 16-13-32.5 unconstitutional. He contends that the statute is violative of due process and equal protection rights because it treats drug sales in the vicinity of public housing projects differently than sales in other residential areas. This contention first appears in Harper's mo-

tion for new trial. The Supreme Court has exclusive appellate jurisdiction over all cases in which the constitutionality of a statute is called into question. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). However, such a question "presented for the first time in the defendant's motion for new trial, [is] not timely raised so as to confer jurisdiction of the appeal upon the Supreme Court. [Cits.]" *Gainey v. State*, 232 Ga. 334 (206 SE2d 474) (1974). Thus this constitutional challenge is not reviewable and its enumeration does not remove this case from this court's jurisdiction. *Hilson v. State*, 204 Ga. App. 200, 203 (2) (418 SE2d 784) (1992).

2. Harper also asserts it was error under OCGA § 16-1-7 to convict him of violating both OCGA §§ 16-13-30 and 16-13-32.5. There was no merger of crimes under OCGA § 16-1-7 because OCGA § 16-13-32.5, enacted in 1992, specifically states that "[a] conviction arising under this Code section shall not merge with a conviction arising under any other provision of this article." OCGA § 16-13-32.5 (d). The legislature is presumed to be aware of the state of the law when it enacts legislation. *Henry v. Wild Pines Apts.*, 177 Ga. App. 576 (340 SE2d 233) (1986). Any conflict between OCGA §§ 16-1-7 and 16-13-32.5 (d) is resolved in favor of the express exception provided later in OCGA § 16-13-32.5 (d).

Additionally, were OCGA § 16-1-7 implicated, there would be no violation. In addition to the "non-merger" statement found in OCGA § 16-13-32.5 (d), the section's sentencing provision states "[a] sentence imposed under this Code section shall be served consecutively to any other sentence imposed." OCGA § 16-13-32.5 (c). This shows that the intention of OCGA § 16-13-32.5 (d) is not to avoid the operation of OCGA § 16-1-7, but to simply increase the punishment for selling drugs near public housing projects and recreational facilities. It is evident by this target that the legislature intended to ratchet up the scale those sales made in certain vulnerable places where high volume drug trade was historically prevalent, or where children were likely to be, in an effort to reduce sales there.[1] The added element of specific location increases the total punishment, using the vehicle of an additional crime.

This analysis comports with the prior interpretation of another statute which similarly casts certain conduct as constituting two crimes because of the addition of a heightening factor. OCGA § 16-11-106 provides penalties for possessing a firearm or knife while committing certain crimes, and specifically provides that "[a]ny crime committed in violation of . . . this Code section shall be considered a separate offense." OCGA § 16-11-106 (e). In determining whether

---

[1] For some background, see 9 Ga. State Univ. L.R. 212, 213 (1992).

this provision violated statutory or constitutional proscriptions on merger and double jeopardy, the Supreme Court stated there was no statutory or constitutional violation because "there is express legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes." *Wilson v. Zant*, 249 Ga. 373, 380 (2) (290 SE2d 442) (1982). The operation of OCGA § 16-13-32.5 (d) is the same as OCGA § 16-11-106 (e), to impose additional punishment for conduct violating both statutes. In one, it is the ingredient of a weapon, whereas in the other, it is the ingredient of a location.

Harper also asserts that, even if OCGA § 16-1-7 is inapplicable in his case, sentencing him for both convictions violates his rights against double jeopardy under the Fifth Amendment to the United States Constitution (and by implication, the Fourteenth Amendment), as well as his rights under the Georgia Constitution, Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. This claim was not expressly articulated in Harper's motion for new trial, twice amended, and was not raised at or before trial. The only constitutional issue discussed in Harper's motion and accompanying brief concerned the constitutionality of OCGA § 16-13-32.5, addressed previously in Division 1. The claim of double jeopardy was solely premised on OCGA § 16-1-7. To the extent that either constitution would be more expansive than OCGA § 16-1-7, the constitutional issue not having been clearly raised and distinctly ruled upon in the trial court, it is thus not passed upon here. *Grice v. State*, 199 Ga. App. 829 (1) (406 SE2d 262) (1991).

3. Harper asserts that the court erred in sustaining the State's objection to his question to the State's expert witness: "[i]n your experience . . . has the state crime lab ever falsely identified a substance as cocaine?" The court informed Harper he could question the witness on his own experience and qualifications. Harper makes no assertions about what information the witness may have been able to provide that was beyond this.

As in *Stephens v. State*, 207 Ga. App. 645, 646 (1) (428 SE2d 661) (1993), so here: "The right of cross-examination is not abridged where examination is limited by the trial judge to relevant matters by proper questioning. [Cits.] Controlling the scope or extent of cross-examination is a matter resting within the sound discretion of the trial court [cit.] and, in the absence of an abuse of discretion in controlling the scope or extent thereof, an appellate court will not interfere. [Cit.] The record does not establish that the trial court abused its discretion in this matter."

4. Harper next asserts that the court erred in allowing the arresting officer to testify about her actions and behavior in other cases where identification of suspects was an issue, on the ground it im-

properly allowed the officer to bolster her testimony regarding his identification. This question was asked on re-direct, after Harper had asked the officer on cross-examination several questions concerning her identification of Harper, and in particular, her identification of black male suspects in other cases. Harper is black. As Harper initiated the topic which was the subject of the question, he cannot now complain that it was pursued thereafter by the State. See *Hamilton v. State*, 210 Ga. App. 496, 498-499 (3) (436 SE2d 500) (1993); *Beasley v. State*, 202 Ga. App. 349 (1) (414 SE2d 663) (1991).

5. Finally, Harper enumerates as error the refusal of the court to exercise its discretion under OCGA § 5-5-21 so as to grant a new trial because the verdict was decidedly and strongly against the weight of the evidence. The court did rule on the matter, which is "addressed to the trial judge's discretion alone. [Cit.]" *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 1, 1994 —
RECONSIDERATION DENIED JUNE 23, 1994 — 

*Rogers, Magruder, Sumner & Brinson, Clay M. White*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.