S00A0509. HARDEMAN v. THE STATE.
(529 SE2d 368)

CARLEY, Justice.

After a jury found Dexter Hardeman guilty of aggravated sexual battery, the trial court entered its judgment of conviction on the guilty verdict and imposed the minimum ten-year sentence. Hardeman filed an alternative motion for new trial or to arrest the judgment, wherein he challenged the constitutionality of the statutory definition of "aggravated sexual battery" as codified in OCGA § 16-6-22.2 (b). The trial court denied the alternative motion, and Hardeman appeals to this Court on the ground that this case is within our exclusive jurisdiction over constitutional issues. The Attorney General has moved to transfer to the Court of Appeals, however, urging that the attack on the constitutionality of the statute was untimely. At the outset, we must address the motion to transfer, so as to determine whether this Court has jurisdiction to consider the merits of the appeal.

*Boswell v. State*, 114 Ga. 40 (39 SE 897) (1901) holds that an accused cannot launch an initial constitutional challenge in the context of a motion for new trial. That is still the law of this state. *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999); *E.P. v. State of Ga.*, 230 Ga. 770 (199 SE2d 313) (1973). Thus, the motion for

---

SE2d 655) (1977).

[7] See *Hayes v. State*, 268 Ga. 809, 812 (493 SE2d 169) (1997).

[8] See *Lyons v. State*, 271 Ga. 639, 641-642 (522 SE2d 225) (1999).

new trial was an untimely attack on the constitutionality of OCGA § 16-6-22.2 (b). However, *Boswell*, supra at 41 (2), also indicates that the issue can be raised "by motion in arrest of judgment after verdict." Thus, if *Boswell* remains viable for this additional proposition, then the alternative motion in arrest of judgment was a timely procedural vehicle for contesting the constitutionality of the statute.

This Court has suggested that *Boswell* is obiter dicta insofar as it purports to hold that an initial attack on the constitutionality of a criminal statute is timely if raised in a motion in arrest of judgment. *Hall v. State*, 202 Ga. 42, 47 (2) (42 SE2d 130) (1947). Since it involved only a motion for new trial, *Boswell* would certainly appear to be dicta with regard to the timeliness of a constitutional challenge raised by another post-conviction motion. Moreover, even assuming that *Boswell* ever constituted viable authority for a criminal defendant's use of a motion in arrest of judgment to contest the constitutionality of the statute under which he was prosecuted, that case long-since has been overruled implicitly by our subsequent decisions holding that such an attack "must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury." *Brackett v. State*, 227 Ga. 493 (2) (181 SE2d 380) (1971). We have consistently adhered to this requirement that a constitutional challenge must be made as soon as possible and certainly before the return of the guilty verdict. See *Kolokouris v. State*, supra at 597 (1); *Lacey v. State*, 270 Ga. 37 (1) (507 SE2d 441) (1998). These latter cases constitute the controlling authority. See *Hall v. Hopper*, 234 Ga. 625, 629 (3) (216 SE2d 839) (1975). Thus, the issue must be raised "either in pleadings, objections to evidence, or in some other appropriate way pending the trial. [Cits.]" *Woods v. State*, 222 Ga. 321 (1) (149 SE2d 674) (1966). Because Hardeman gambled on an acquittal and waited to challenge the constitutionality of OCGA § 16-6-22.2 (b) until after he was convicted of violating that statute, he is barred from raising that issue on appeal. *Lacey v. State*, supra at 37 (1). " ' "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Cit.)' [Cit.]" *Kolokouris v. State*, supra at 598 (1). Thus, this case must be transferred to the Court of Appeals for consideration of those enumerations of error which do not concern the constitutionality of the aggravated sexual battery statute.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED MAY 1, 2000.

*Phyllis V. Harris*, for appellant.
*James R. Osborne, District Attorney, Laura C. Herrin, Assistant*

*District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.