S02A0227. PEREZ-CASTILLO v. THE STATE.
(562 SE2d 184)

SEARS, Presiding Justice.

Appellant Edwin Perez-Castillo appeals his conviction for trafficking in more than 50 pounds of marijuana.[1] Following the jury's guilty verdict, the trial court entered its judgment of conviction and sentence. Appellant then filed alternative motions for a new trial or to arrest the judgment. In his motion to arrest the judgment, appellant raised for the first time several constitutional challenges to the criminal statute under which he was convicted, OCGA § 16-13-31. The trial court denied both of appellant's post-conviction motions, and he appeals to this Court, seeking to invoke our exclusive jurisdiction over unresolved questions surrounding the constitutionality of a statute.[2]

The State urges that this Court is without jurisdiction to consider this appeal, and that it must be transferred to the Court of

---

[1] OCGA § 16-13-31 (c).

[2] Ga. Const. (1983), Art. VI, Sec. VI, Par. II.

Appeals. We agree. It is well-established that a criminal defendant may not initiate a constitutional attack against a statute in either a motion for a new trial[3] or a motion to arrest the judgment.[4] A constitutional attack on a state statute " 'must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury.' "[5] Because appellant waited until filing his motion to arrest the judgment — well after his conviction — to raise his constitutional challenges to OCGA § 16-13-31, those challenges must be deemed waived on appeal.

There being no other issues germane to this appeal that vest it within this Court's jurisdiction, it is hereby transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED APRIL 15, 2002.

*Clark & Towne, Wystan B. Getz,* for appellant.
*Daniel J. Porter, District Attorney, Gregory D. McKeithen, Donald Geary, Assistant District Attorneys,* for appellee.

---

[3] *Kolokouris v. State,* 271 Ga. 597 (523 SE2d 311) (1999).

[4] *Hardeman v. State,* 272 Ga. 361 (529 SE2d 368) (2000).

[5] *Hardeman,* 272 Ga. at 362, quoting *Brackett v. State,* 227 Ga. 493 (181 SE2d 380) (1971).