S12A0040. JONES v. THE STATE.
(725 SE2d 236)

CARLEY, Presiding Justice.

After a jury trial, Christopher Jones was found guilty of the aggravated assault of Cindy Hurst and the kidnapping of her and of her six-year-old and 18-month-old daughters. The trial court entered judgments of conviction on the guilty verdicts and sentenced Jones to concurrent terms of ten years for the aggravated assault, five years for the kidnapping of Ms. Hurst, and 25 years for each of the other two counts of kidnapping. The trial court denied a motion for new trial with respect to the aggravated assault conviction. That conviction was appealed by Jones and, after transfer of the case by this Court, was affirmed by the Court of Appeals. *Jones v. State*, 294 Ga. App. 564 (669 SE2d 505) (2008). However, the trial court granted a new trial on the kidnapping convictions based on ineffective assistance of counsel and further held that the mandatory 25-year sentence set forth in OCGA § 16-5-40 for kidnapping a child under the age of 14 constituted cruel and unusual punishment as applied to Jones. On interlocutory appeal by the State, this Court determined that the ineffective assistance claim had been waived, reversed the grant of a new trial, vacated the constitutional ruling as premature, and remanded the case to the trial court for consideration of the remaining issues raised in the motion for new trial. *State v. Jones*, 284 Ga. 302 (667 SE2d 76) (2008). On remand, the trial court denied the motion for new trial in its entirety. Jones appeals from that order pursuant to the trial court's grant of an out-of-time appeal.

1. Jones contends that the State did not prove his guilt beyond a reasonable doubt of any of the kidnapping charges. Construed most strongly in support of the verdicts, the evidence shows that, a few days after Jones moved to Georgia to live with Ms. Hurst, he became

angry with her and beat her with his hands and fists in the children's presence. Jones subsequently forced Ms. Hurst to get into his car with the two children and to direct him to the interstate. Jones dropped the victims off between 10 and 20 minutes later in an unfamiliar neighborhood about three and a half miles from their residence.

Jones primarily argues that there was insufficient evidence of the asportation element of kidnapping under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008). As Jones' acts occurred prior to the July 1, 2009 effective date of OCGA § 16-5-40 (b), the test set forth in *Garza* applies to this case. *Hammond v. State*, 289 Ga. 142, 143, fn. 2, 144 (1) (710 SE2d 124) (2011); *Brown v. State*, 288 Ga. 902, 905 (3), fn. 2 (708 SE2d 294) (2011).

> *Garza* sets out four factors that should be considered in determining whether the asportation element of kidnapping is met: "(1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense." [Cit.] In cases where the *Garza* standard is applicable, this Court has not required the satisfaction of all four factors to establish that asportation has occurred. [Cit.] In fact, this Court has even found asportation when only two of the *Garza* factors were present. [Cit.]

*Hammond v. State*, supra at 144-145 (2). However, in the case now before us, all four factors have been satisfied. The duration of the movement to the car and while riding therein "was not brief or momentary . . . ." *Brown v. State*, supra at 905 (3) (eight minutes). "[S]uch movement was not an inherent part of the [aggravated assault]; in fact, it occurred after the offense of [aggravated assault] had been completed." *Henderson v. State*, 285 Ga. 240, 245 (5) (675 SE2d 28) (2009). See also *Horne v. State*, 298 Ga. App. 601, 604 (1) (680 SE2d 616) (2009). Furthermore, the movement presented a significant danger to the victims apart from the separate offense because it enhanced Jones' control over them, serving substantially to isolate them from protection or rescue and increasing the risks that further injury would occur in the event of an attempted escape and that the victims would be, as indeed they were, taken to a second location unknown to Ms. Hurst. See *Hammond v. State*, supra at 145 (2); *Henderson v. State*, supra; *Aldridge v. State*, 310 Ga. App. 502, 504 (1) (b) (713 SE2d 682) (2011).

Relying on his pre-trial statement, Jones also asserts that Ms. Hurst gave perjured testimony and that he had not committed aggravated assault and did not force or threaten the victims. However, Ms. Hurst's testimony showed otherwise. " 'The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and (we do not) determine or question how the jury resolved any conflicts in the evidence.' [Cit.]" *Jones v. State*, supra at 566 (1). See also *Butler v. State*, 273 Ga. 380, 382 (4) (541 SE2d 653) (2001). We conclude that the evidence was sufficient to enable a rational trier of fact to find Jones guilty beyond a reasonable doubt of all three counts of kidnapping. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, supra at 565-566.

2. Jones urges that the three kidnapping convictions should have been merged into the aggravated assault convictions, or vice versa, or that two of the kidnapping convictions should have been merged into the other kidnapping conviction.

> Under Georgia law, certain convictions merge and multiple punishment is precluded where the same conduct establishes the commission of more than one crime, and the one crime is included in the other . . . . [Cit.] See OCGA § 16-1-7 (a); *Drinkard v. Walker*, 281 Ga. 211, 212-213 (636 SE2d 530) (2006). But the merger doctrine does not apply if each of the charged crimes was committed against a different victim. [Cits.]

*Carmichael v. State*, 305 Ga. App. 651, 653 (2) (700 SE2d 650) (2010). "It is evident from the wording of [OCGA § 16-1-6 (1)] that the legislature did not intend one crime to be included within another if each crime affected a different person." *Harshaw v. State*, 134 Ga. App. 581, 582 (3) (215 SE2d 337) (1975). See also *Jordan v. State*, 242 Ga. App. 408, 409 (2) (530 SE2d 42) (2000), disapproved on other grounds, *Shields v. State*, 276 Ga. 669, 671 (3), fn. 13 (581 SE2d 536) (2003). Thus, Jones' contention that the trial court erroneously failed to merge the three kidnapping counts with each other "is specious since those counts involved different victims." *Gioia v. State*, 307 Ga. App. 319, 321 (3) (704 SE2d 481) (2010). Although the kidnapping convictions arose from the same acts, they did not merge because each count was based on harm to a different person. *Gaither v. State*, 312 Ga. App. 53, 55 (2) (717 SE2d 654) (2011).

Furthermore, " '[t]he rule prohibiting more than one conviction if one crime is included in the other does not apply unless "the same conduct" of the accused establishes the commission of multiple crimes. (Cits.)' [Cit.]" *McCloud v. State*, 284 Ga. 665, 666 (3) (670

SE2d 784) (2008). As the aggravated assault involved different conduct from the kidnapping and was completed prior thereto, it is abundantly clear that "the same conduct did not establish the commission of both offenses, and accordingly, the court did not err in declining to merge" the kidnapping counts with the aggravated assault. *Walker v. State*, 306 Ga. App. 16, 18 (2) (701 SE2d 523) (2010). See also *McCloud v. State*, supra.

Even if the kidnapping counts did involve the same conduct as the aggravated assault, neither is included in the other after application of the "required evidence" test set forth in *Drinkard*. "Kidnapping requires proof of asportation, [cit.] which aggravated assault does not. The aggravated assault did not require movement or holding the victim against her will." *Williams v. State*, 307 Ga. App. 675, 680 (3) (705 SE2d 906) (2011).

> Aggravated assault as charged in this case required proof that [Jones] used his hands [and feet], with either the intent to cause a violent injury or which placed the victim in reasonable fear of receiving a violent injury. The kidnapping charge[s] did not require such proof. Because each of the two crimes at issue requires proof of at least one fact which the other does not and the State provided such proof, the crimes do not merge. . . .

*Mayberry v. State*, 301 Ga. App. 503, 512-513 (6) (687 SE2d 893) (2009).

3. In *State v. Jones*, supra at 302-303 (1), we held that certain claims of ineffective assistance of trial counsel were not timely raised on motion for new trial. However, in both that motion and this appeal, appellate counsel has raised the issue of whether trial counsel rendered ineffective assistance by failing to raise the constitutionality of the mandatory minimum sentence of 25 years imprisonment without parole, as currently codified in OCGA §§ 16-5-40 (d) (2) and 17-10-6.1 (b) (2), for kidnapping a victim less than 14 years old. Contrary to Jones' initial argument, the trial judge on remand was authorized to rule on this constitutional issue because we had vacated the prior trial court ruling on the issue. *State v. Jones*, supra at 304 (3).

As recognized by the trial court on remand, no constitutional challenges to the sentencing statutes were raised until the motion for new trial. A constitutional attack on a sentencing statute, unlike a statute under which a criminal defendant is prosecuted, may be made after the guilty verdict is returned, as the first opportunity to challenge such a statute does not occur until after that time. *Woods v. State*, 279 Ga. 28-29 (1) (608 SE2d 631) (2005). In *Woods*, however,

we did not alter our longstanding general rule that even constitutional challenges to sentencing statutes, including those challenges based on the Eighth Amendment, are untimely if they are presented for the first time in a motion for new trial. *Gunn v. State*, 244 Ga. 51 (2) (257 SE2d 538) (1979); *Gainey v. State*, 232 Ga. 334 (206 SE2d 474) (1974) (over Justice Gunter's dissent); *Gore v. State*, 162 Ga. 267, 276 (11) (134 SE 36) (1926). The Court of Appeals consistently adheres to the same rule. *Souder v. State*, 301 Ga. App. 348, 351 (2) (687 SE2d 594) (2009); *Rutland v. State*, 296 Ga. App. 471, 473 (1) (675 SE2d 506) (2009); *Parker v. State*, 220 Ga. App. 303, 310 (7) (469 SE2d 410) (1996); *Nuckles v. State*, 207 Ga. App. 63, 64 (3) (427 SE2d 54) (1993). Thus, a constitutional attack on a sentencing statute should normally be made no later than the sentencing hearing, at a time when corrective action is still possible. *Woods v. State*, supra at 29 (1); *Souder v. State*, supra. Jones

> failed to raise his constitutional challenges at the first available opportunity during the sentencing hearing. Rather, his challenges were first raised in his amended motion for new trial. Because his challenges were untimely, they are not subject to review. [Cits.]

*Souder v. State*, supra. See also *Nuckles v. State*, supra. Accordingly, the trial court correctly proceeded to examine whether Jones' trial counsel was ineffective for failing to raise constitutional challenges to the sentencing statutes. In doing so, the trial court made specific rulings rejecting on the merits each constitutional challenge which Jones claims should have been made by his trial counsel.

> "Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), '(t)o prevail on a claim of ineffective assistance of trial counsel, [Jones] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. (Cit.)' (Cit.) In order to establish prejudice, 'a defendant (must) show "a reasonable probability sufficient to undermine confidence in the outcome that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different." (Cits.)' (Cit.) When reviewing an ineffective assistance claim, 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. (Cits.)' (Cit.)" [Cit.]

*Gandy v. State*, 290 Ga. 166, 170 (4) (718 SE2d 287) (2011).

OCGA § 16-5-40 (d) (2) provides that the punishment for kidnapping shall be life imprisonment or "a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, if the kidnapping involved a victim who is less than 14 years of age . . . ." Under OCGA § 17-10-6.1 (b) (2), the split sentence "shall include a mandatory minimum term of imprisonment of 25 years," which shall be " 'followed by life on probation, with no possibility of probation or parole for the minimum prison time of 25 years. (Cits.)' [Cit.]" *Adams v. State*, 288 Ga. 695, 700 (4) (707 SE2d 359) (2011). Jones contends that, as he had no prior felony and neither harmed nor intended to harm the children, these sentencing statutes as applied to him constitute cruel and unusual punishment.

Outside the context of the death penalty, of extreme cases such as life imprisonment as punishment for overtime parking, and . . . of life without parole for a juvenile convicted of non-homicide crimes, successful challenges to the proportionality of legislatively mandated terms of imprisonment should be "exceedingly rare." [Cit.] Where, as here, no categorical Eighth Amendment restriction applies, we must in the following manner "determin(e) whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. (Cit.) '(I)n the rare case in which (this) threshold comparison . . . leads to an inference of gross disproportionality' the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." [Cit.] We have "emphasize(d) that it is the 'rare case( )' in which the threshold inference of gross disproportionality will be met and a rarer case still in which that threshold inference stands after further scrutiny. (Cit.)" *Humphrey v. Wilson*, [282 Ga. 520,] 532 (3) (g) [(652 SE2d 501) (2007)] (a rare case because of the legislative sea change in the punishment for consensual teenage oral sex). " '(A) sentence which is not otherwise cruel and unusual does not become so simply because it is "mandatory." (Cit.)' (Cit.) 'Legislative enactments constitute the clearest and most objective evidence of how contemporary society views a particular punishment. (Cit.) As a result, the issue of punishment is generally one for the legislative branch, and legislative discretion is deferred to

unless the sentence imposed shocks the conscience. (Cit.)' "
[Cit.]

*Adams v. State,* supra at 701-702 (4). Kidnapping is defined in OCGA § 17-10-6.1 (a) as a "serious violent felony" and, as discussed in Division 1 above, presented a significant danger to the child victims in this case. In no way could the kidnapping be considered a " 'passive felony.' " *Adams v. State,* supra at 702 (4). The evidence showed that, after beating Ms. Hurst in the young children's presence so severely as to break her jaw and cause other injuries, Jones ordered all three of them to enter his car, drove them away, and left them in a location where they were isolated and unprotected. In these circumstances, Jones' concurrent 25-year sentences for child kidnapping do not raise a threshold inference of gross disproportionality. " 'Similarly severe punishments for crimes against children have withstood previous attacks on constitutional grounds. (Cits.)' [Cit.]" *Adams v. State,* supra.

Jones further contends that the sentencing statutes for child kidnapping as applied to him violate due process because an earlier indictment charged regular kidnapping and, only after plea negotiations failed, the more severe sentence was included in a re-indictment. Contrary to Jones' argument, such circumstances do not raise a presumption of prosecutorial vindictiveness in the absence of actual evidence thereof. *United States v. Goodwin,* 457 U. S. 368 (102 SC 2485, 73 LE2d 74) (1982); *Brandeburg v. State,* 292 Ga. App. 191, 199-200 (4) (663 SE2d 844) (2008). We also reject Jones' contention that the sentencing statutes at issue violate equal protection by punishing a person differently depending on the age of the victim. That classification is not arbitrarily drawn and instead is rationally related to the legitimate governmental interest in protecting children. *Benton v. State,* 265 Ga. 648, 649 (3) (461 SE2d 202) (1995). Finally, this Court has previously rejected Jones' challenge based upon the separation of powers doctrine, having held "that the legislature acted within constitutional bounds in establishing maximum and minimum punishment and eliminating judicial discretion in sentencing certain serious violent offenders." *Campbell v. State,* 268 Ga. 44, 46 (2) (485 SE2d 185) (1997).

Accordingly, Jones has failed to show either deficient performance by trial counsel or a reasonable probability that the outcome of trial would have been different if the constitutional challenges had been timely raised. His ineffective assistance claim is therefore without merit. *Gandy v. State,* supra at 172 (4) (b).

*Judgments affirmed. All the Justices concur.*

*Robert M. Bearden, Jr.*, for appellant.
*Gregory W. Winters, District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.