S12A0137. BRINKLEY v. THE STATE.
(728 SE2d 598)

NAHMIAS, Justice.

On January 27, 2000, Appellant Jonas Brinkley was found guilty by a Tift County jury of kidnapping with bodily injury to a female victim, rape of the female victim, kidnapping a male victim, and armed robbery. Six days later, Appellant was sentenced to the mandatory minimum of life imprisonment (with the possibility of parole) on the kidnapping with bodily injury count. See OCGA § 16-5-40 (d) (4) ("A person convicted of the offense of kidnapping shall be punished by . . . [l]ife imprisonment or death if the person kidnapped received bodily injury.). The trial court also sentenced Appellant to serve 20 consecutive years in prison on the kidnapping charge and 20 concurrent years for the armed robbery; the rape charge merged into the conviction for kidnapping with bodily injury. On February 8, 2000, Appellant filed, through his trial counsel, a motion for new trial on the general grounds. Regrettably, Appellant's case then was shuffled among several defense lawyers for almost a decade, with little progress made on the pending new trial motion. See *Shank v. State*, 290 Ga. 844, 849 (725 SE2d 246) (2012) (expressing this Court's concern about inordinate delay in post-trial proceedings and calling on "trial courts and prosecutors[,] as well as defense counsel and

defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay").

After Appellant's current counsel took over his representation, however, he filed an amended motion for new trial on April 29, 2010. Among other claims, the amended motion raised, for the first time, a claim that Appellant's life sentence for kidnapping with bodily injury violated the cruel and unusual punishments clause of the Georgia Constitution, see Ga. Const. of 1983, Art. I, Sec. I, Par. XVII, because he was a juvenile age 14 at the time of the crime. The trial court held a hearing on the amended motion on September 14, 2010, and denied the motion on the merits on February 25, 2011.

Appellant filed a timely notice of appeal in this Court, contending that we have jurisdiction because the case involves at least one novel constitutional question. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) (providing that the Supreme Court shall have "exclusive appellate jurisdiction" in "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law . . . has been drawn in question"). See also *City of Decatur v. DeKalb County*, 284 Ga. 434, 436-437 (668 SE2d 247) (2008) (explaining that we have interpreted this jurisdictional provision to extend only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack). However, because Appellant's cruel and unusual punishment claim was not timely raised in the trial court, review of its merits has been waived on appeal, and so it does not invoke our constitutional question jurisdiction. His other constitutional claims are not novel, and because no other basis for this Court's jurisdiction appears to exist, we must transfer this case to the Court of Appeals.

1. The first opportunity a defendant has to bring a constitutional attack against a sentencing statute, as opposed to other types of statutes, may come only after the guilty verdict is returned and the sentencing issue becomes ripe. See *Jones v. State*, 290 Ga. 670, 674 (725 SE2d 236) (2012). Nevertheless, as this Court recently and unanimously reiterated, "our longstanding general rule [is] that even constitutional challenges to sentencing statutes, including those challenges based on the Eighth Amendment, are untimely if they are presented for the first time in a motion for new trial." Id. (citing cases from this Court and cases showing that "[t]he Court of Appeals consistently adheres to the same rule"). As far back as 1926, this

Court held squarely that

> [a] complaint that a sentence imposes upon a defendant a cruel and inhuman punishment, in violation of the [state and federal] constitutional provision[s], can not properly be made a ground of a motion for new trial. Such objection to the sentence can only be taken by a proper timely and direct exception to the sentence.

*Gore v. State*, 162 Ga. 267, 276 (134 SE 36) (1926) (citations omitted).

Appellant was 14 years old when he committed his crimes, and the statute under which he was sentenced imposes a mandatory minimum sentence of life imprisonment, see OCGA § 16-5-40 (d) (4), so once he was found guilty of kidnapping with bodily injury, that was the sentence he would receive. Thus, if Appellant wanted to argue that OCGA § 16-5-40 (d) (4) imposes cruel and unusual punishment, as applied to him or to all juveniles, he had the opportunity to raise that constitutional challenge to the statute at his sentencing hearing; he simply failed to do so. Consequently, the trial court should have ruled that Appellant's cruel and unusual punishment claim was untimely when first raised in his amended motion for new trial, and he has waived review of the merits of that constitutional issue on appeal.

The dissent acknowledges that this constitutional challenge was untimely but would overlook that procedural default on the ground that Appellant's argument has been strengthened, although not endorsed, by developments in Eighth Amendment case law related to juvenile sentencing during the years since his sentencing. However, like Appellant, the dissent cites no authority for our excusing a procedural default on a constitutional issue in order to consider making new law on that issue on direct appeal. Compare *Humphrey v. Wilson*, 282 Ga. 520, 524 (652 SE2d 501) (2007) (considering, on habeas corpus review, a new cruel and unusual punishment claim based on a statute enacted after Wilson's conviction, but only after holding that Wilson had "not fail[ed] to comply with any Georgia procedural rules on appeal").[1]

---

[1] We have held that, where a defendant seeks to benefit from a new rule of criminal *procedure* decided while his case is pending on direct appeal, he must have properly preserved the issue for appellate review. See, e.g., *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992) (adopting the "pipeline" approach to apply new rules of criminal procedure to cases on direct review and not yet final, but adding that "[a]pplication of the new rule to a pending case will, of course, depend on the preservation of the issue for appellate review"); *McClure v. Kemp*, 285 Ga. 801, 802 (684 SE2d 255) (2009) (same). The analysis may be different for a defendant seeking to benefit from a new rule of *substantive* criminal law establishing, in a binding and directly applicable way, that his conduct was not a crime or his sentence is beyond what the law allows. In that situation, the defendant may be "actually innocent" of the crime or sentence

2. This Court has also repeatedly held that an improperly presented constitutional claim does not bring a case within our appellate jurisdiction and, where the case did not come within our jurisdiction for some other reason and where we actually addressed the jurisdictional issue, we have consistently transferred such cases to the Court of Appeals for decision on any remaining enumerations of error. See *Perez-Castillo v. State*, 275 Ga. 124, 124-125 (562 SE2d 184) (2002) (holding that, when constitutional issues were not timely raised, "those challenges must be deemed waived on appeal" and, absent some other basis for this Court's jurisdiction, the appeal must be transferred to the Court of Appeals); *Hardeman v. State*, 272 Ga. 361, 361-362 (529 SE2d 368) (2000) (same); *Gainey v. State*, 232 Ga. 334, 335 (206 SE2d 474) (1974) ("Under repeated rulings of the court the constitutional question [challenging a sentencing statute], presented for the first time in the defendant's motion for new trial, was not timely raised so as to confer jurisdiction of the appeal upon the Supreme Court."); *Nelson v. State*, 179 Ga. 743, 743 (177 SE 253) (1934) (holding that, where the defendant failed to preserve his constitutional claim for appeal under a then-prevailing rule that he had to except to the constitutional ruling in his motion for new trial, the case had to be transferred to the Court of Appeals). See also *Nahid v. State*, 276 Ga. App. 687, 687 (624 SE2d 264) (2005) ("The trial court rejected Nahid's [constitutional] challenge, and Nahid appealed to the Supreme Court of Georgia, citing that Court's authority to resolve

under the newly established law, and a court reviewing the defendant's case in a habeas corpus proceeding may overlook a procedural default of the issue under the "miscarriage of justice" exception. See OCGA § 9-14-48 (d) (requiring a habeas court to deny relief on any ground procedurally defaulted at trial or on appeal unless the petitioner shows cause or prejudice, except that "[i]n all cases habeas corpus relief shall be granted to avoid a miscarriage of justice"); *Turpin v. Hill*, 269 Ga. 302, 303 (498 SE2d 52) (1998) (allowing a habeas petitioner sentenced to death to raise a defaulted claim of mental retardation under the miscarriage of justice exception after this Court held that execution of the mentally retarded constitutes cruel and unusual punishment). A similar "miscarriage of justice" analysis might also be applied on direct appeal to allow application of a newly established substantive legal rule despite a procedural default. But that analysis would not allow a court to *make* the new law on a procedurally defaulted issue.

In this case, Appellant does not contend that this Court or the U. S. Supreme Court has held, since his sentencing, that a defendant may not constitutionally be sentenced to life in prison, with the possibility of parole, for a non-homicide crime committed as a juvenile. Indeed, Appellant acknowledges that existing law is against his claim and asks us to change the law by extending recent decisions of the U. S. Supreme Court related to juvenile sentencing. We will not do that on a claim that is procedurally defaulted. If this Court or the U. S. Supreme Court ultimately decides the claim in the way Appellant suggests in a future case where the issue is properly presented, Appellant may be able to obtain relief through habeas corpus. See OCGA § 9-14-52 (c) (3) (extending the statute of limitations for filing a habeas petition asserting a constitutional right "newly recognized" by this Court or the U. S. Supreme Court and made retroactively applicable to cases on collateral review).

constitutional questions. The Supreme Court, however, concluded that Nahid had waived his constitutional claim by failing to raise it until the motion for new trial. It then transferred Nahid's appeal to this Court."); *Hughes v. State*, 266 Ga. App. 652, 654, n. 9 (598 SE2d 43) (2004) (explaining that, "although Hughes initially filed his appeal in the Supreme Court, that Court transferred the appeal to this Court on grounds that the constitutional issue was not timely raised and, therefore, not preserved for appellate review").

Likewise, when a case involving an untimely constitutional challenge has been appealed to the Court of Appeals, that court has properly decided the case rather than transferring it to this Court. See, e.g., *Harper v. State*, 213 Ga. App. 611, 611 (445 SE2d 300) (1994) (explaining that, because the appellant's constitutional claim was untimely raised in his motion for new trial, "this constitutional challenge is not reviewable and its enumeration does not remove this case from [the Court of Appeals'] jurisdiction"); *Hilson v. State*, 204 Ga. App. 200, 203 (418 SE2d 784) (1992) (same).[2]

Where this Court has jurisdiction over an appeal on another ground, we have applied the waiver rule to resolve the untimely constitutional claim but proceeded correctly to decide the remainder of the case. See, e.g., *Gore*, 162 Ga. at 267 (decided under our jurisdiction over murder cases). In a few other cases, we have applied the waiver rule to the constitutional claim and proceeded to decide the rest of the appeal instead of transferring it, despite the absence of any other apparent basis for Supreme Court jurisdiction. See, e.g., *Kolokouris v. State*, 271 Ga. 597, 597-598 (523 SE2d 311) (1999); *Gunn v. State*, 244 Ga. 51, 52 (257 SE2d 538) (1979). However, in contradiction to the many jurisdictional decisions cited above, "in those cases, 'we did not rule on this Court's jurisdiction [and thus], no binding precedent was established.'" *State v. Outen*, 289 Ga. 579, 582 (714 SE2d 581) (2011) (citation omitted).

It is true that the trial court distinctly ruled on the merits of Appellant's cruel and unusual punishment claim and that this Court has not previously decided the constitutional challenge to the sentencing statute that he raises. See Dissent at 202. However, as discussed above, the trial court should have deemed Appellant's

---

[2] By contrast, in *Rooney v. State*, 287 Ga. 1 (690 SE2d 804) (2010), the trial court *incorrectly* ruled that the appellant's constitutional claims were waived, but alternatively and distinctly ruled on the merits of the claims. See id. at 1-2. In that situation, transfer to the Court of Appeals would have been inappropriate, because such a transfer by this Court " 'is a final determination that no constitutional question was in fact properly raised,' " *Hughes*, 266 Ga. App. at 654 (citation omitted), and in *Rooney* the constitutional question was properly raised. We therefore retained and decided the case.

claim untimely, and its decision to instead rule on the merits does not control this Court's jurisdiction, which is limited to deciding properly presented constitutional questions. Indeed, if we held otherwise, a party could raise a bucket of novel constitutional claims for the first time in his motion for new trial, and if the trial court distinctly ruled on the merits of any such claim — even alternatively — instead of denying them all as untimely, the appeal of the entire case would come to this Court, even though there would be no constitutional question properly presented for our decision. Appellant and the dissent cite no precedent supporting such a rule.

A harder jurisdictional question might be presented if Appellant presented his cruel and unusual punishment claim through a claim of ineffective assistance of trial counsel for not raising it in a timely fashion. See *Jones*, 290 Ga. at 670 (after finding a cruel and unusual punishment challenge waived for direct review, deciding the merits of the constitutional issue as part of the analysis of a related ineffective assistance claim). However, Appellant has not raised such an ineffective assistance claim — perhaps because such a claim is difficult to make when the argument would need to be that trial counsel was professionally deficient at the time of sentencing in proceeding under the existing law rather than seeking a substantial change in the law, which even at this much later date Appellant recognizes would be required for him to prevail on his cruel and unusual punishment claim.

3. Thus, because Appellant's cruel and unusual punishment claim was not timely raised, his appeal does not come within this Court's jurisdiction over constitutional questions based on that issue. Appellant has also enumerated other constitutional claims, but they all involve the application of well-established constitutional law to the particular facts of this case, and therefore jurisdiction over those issues is also properly in the Court of Appeals. See *McGill v. State*, 209 Ga. 282, 282 (71 SE2d 548) (1952) ("An application of unquestioned and unambiguous constitutional provisions to a given state of facts is within the jurisdiction of the Court of Appeals."). And there is no other apparent basis for this Court's subject matter jurisdiction.

We do not relish adding to the long delay in reaching a final judgment in this case by requiring the parties to start the appeal process over in the Court of Appeals. However, this Court has no authority to decide cases that are not within the jurisdiction granted to us by the Constitution, and we must therefore transfer this appeal. See Ga. Const. of 1983, Art. VI, Sec. V, Par. III ("The Court of Appeals . . . shall exercise appellate . . . jurisdiction in all cases not reserved to the Supreme Court . . . .").

*Transferred to the Court of Appeals. All the Justices concur, except Hunstein, P. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.

I write because I respectfully disagree with transferring this case to the Court of Appeals. Appellant is not challenging the general constitutionality of the statute under which he was prosecuted, but the sentence as applied to him based on his status as a juvenile offender. "A constitutional attack on a sentencing statute, unlike a statute under which a criminal defendant is prosecuted, may be made after the guilty verdict is returned, as the first opportunity to challenge such a statute does not occur until after that time. [Cit.]" *Jones v. State*, 290 Ga. 670 (3) (725 SE2d 236) (2012). Several cases cited by the majority are distinguishable from the case at bar. *Perez-Castillo v. State*, 275 Ga. 124 (562 SE2d 184) (2002) (transferring case to court of appeals where defendant failed to raise constitutional attack on statute prior to verdict); *Hardeman v. State*, 272 Ga. 361 (529 SE2d 368) (2000) (constitutional challenge to statutory definition of "aggravated sexual battery" was untimely because it was made post-verdict); *Gainey v. State*, 232 Ga. 334 (206 SE2d 474) (1974) (transferring case to court of appeals where defendant failed to raise constitutional attack on statute prior to verdict). Thus, unlike what these citations imply, appellant was not required to raise his constitutional challenge prior to the jury returning its verdict.

Although appellant's constitutional challenge may be technically untimely since it was not raised at his sentencing hearing (*Jones v. State*, supra, 290 Ga. 670 (3)), given the changes that have been made in juvenile sentencing law since appellant's conviction and sentence, appellant's constitutional challenge was arguably raised at the first available opportunity. Indeed, at the time appellant was sentenced in 2000, there was no constitutional prohibition to sentencing juveniles under the death penalty, much less a question as to whether juveniles could or should be sentenced to life in prison with or without parole for non-homicide crimes. The ban against juveniles receiving the death penalty was first decided in 2005 (*Roper v. Simmons*, 543 U. S. 551 (125 SC 1183, 161 LE2d 1) (2005)), five years after appellant's conviction and sentence, and *Graham v. Florida*, 560 U. S. 48 (130 SC 2011, 176 LE2d 825) (2010), which appellant relies upon heavily to challenge his sentence under the Georgia Constitution, was decided five years after that. As recently as March 2012, the United States Supreme Court heard arguments concerning whether it is cruel and unusual punishment under the Eighth and Fourteenth Amendments to sentence juveniles to life without parole for homicides. See *Miller v. Alabama* (U. S. Supreme Court Docket No. 10-9646)

and *Jackson v. Hobbs* (U. S. Supreme Court Docket No. 10-9647). Appellant's raising his constitutional challenge in 2000 would have had no legal basis or authority.

Here, appellant raised his challenge via an amendment to his then pending motion for new trial as soon as the *Graham* decision issued in 2010. Under such unique circumstances, I believe *Jones*, supra, allows us some discretion to exercise our jurisdiction when it states "a constitutional attack . . . *should normally* be made no later than the sentencing hearing . . . ," (emphasis supplied), thereby recognizing that there may be some circumstances where it simply was not tenable for a defendant to mount a cruel and unusual constitutional challenge at the sentencing hearing. See, e.g., *Humphrey v. Wilson*, 282 Ga. 520, 527-528 (652 SE2d 501) (2007).

In this case, since the record shows that a constitutional question under our state constitution was raised and distinctly ruled upon by the trial court (*City of Decatur v. DeKalb County*, 284 Ga. 434 (1) (668 SE2d 247) (2008)) and because the law has not previously been held to be constitutional under the same attack now being made (id. at 436-437), I would retain the case and address the merits. Accordingly, I cannot join the majority opinion.

I am authorized to state that Presiding Justice Hunstein joins in this dissent.

DECIDED JUNE 18, 2012.

*Stephen M. Reba, Randee J. Waldman*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.
*Martin Brothers, Sandra L. Michaels*, amicus curiae.