## S12A0854. UPTON v. HARDEMAN.
### (732 SE2d 425)

BENHAM, Justice.

This is an appeal by the warden from the partial grant of appellee Victor Hardeman's application for a writ of habeas corpus.[1] The habeas court granted the writ and overturned appellee's conviction for kidnapping with bodily injury. For the reasons that follow, we reverse and remand with direction.

Appellee was convicted in 2003 of kidnapping with bodily injury, aggravated battery, false imprisonment, criminal attempt to commit robbery, and burglary. The trial court sentenced appellee to life imprisonment plus ten years,[2] and the Court of Appeals and this Court affirmed his convictions. *Hardeman v. State*, 275 Ga. App. XXVI (2005), aff'd, 281 Ga. 220 (635 SE2d 698) (2006). This appeal is from the ruling in appellee's petition for habeas relief which he filed in June 2010. Appellee raised a single ground for relief claiming that the evidence of asportation was insufficient to sustain his conviction for kidnapping pursuant to this Court's decision in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008).[3] To determine whether the asportation requirement has been met, *Garza* requires the following four factors to be considered:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

---

[1] Appellee filed a cross-appeal, but it has been dismissed as untimely.

[2] Appellant was given a mandatory sentence of life imprisonment for kidnapping with bodily injury, two concurrent sentences of twenty years for aggravated battery and burglary, a concurrent sentence of ten years for false imprisonment, and a consecutive sentence of ten years for attempted robbery.

[3] *Garza* applies to this case because appellee committed his crimes in November 2001 and he was tried prior to the effective date of the amendment of the kidnapping statute in July 2009. *Jones v. State*, 290 Ga. 670 (1) (725 SE2d 236) (2012).

Id. at 702. See also *Jones v. State*, 290 Ga. 670 (1) (725 SE2d 236) (2012). After conducting a hearing, the habeas court overturned appellee's conviction and voided appellee's life sentence for kidnapping with bodily injury because it concluded that the fourth prong of the *Garza* test was not met. Specifically, it determined the movement of the victim did not "substantially" isolate the victim from rescue because appellee and his cohorts did not know the victim was expecting a repairman to arrive at the time they committed their crimes. The habeas court's order states that all four factors of the *Garza* test were applied, but the order does not contain any analysis of the first three factors of the test.

> The record construed in a light most favorable to the verdict showed that [Appellee] and two acquaintances rang the doorbell of the victim's home, and the victim, who was awaiting a repairman, opened the door. [Appellee] and two men pushed into the victim's home, assaulting her, moving her upstairs to a laundry room and beating her about the face. [Appellee] repeatedly asked the victim where her money was. When the actual repairman rung the doorbell, [Appellee] and the other men waited a moment and then departed the victim's home.

Uncontroverted evidence in the record also showed that when the men first entered, they forced the victim into the kitchen where they bound her hands and covered her face with duct tape. Movement upstairs to the laundry room occurred thereafter.

We now apply *Garza* to the facts to assess whether the movement of the victim constituted asportation. Here, the asportation element is met under all four prongs of *Garza*. First, the movement was more than of minimal duration. As to the second prong, the movement of the victim did not occur while the other crimes were in progress.[4] Thirdly, the movement of the victim was not inherent to the crimes of burglary, attempted robbery, false imprisonment, or aggravated battery. Indeed, with the victim bound in the kitchen, appellee and his cohorts could have carried out their crimes without moving the victim. Finally, the fourth prong of the *Garza* test was met because moving the victim to a more confined space like an upstairs laundry

---

[4] The burglary was completed once the perpetrators unlawfully and without authority entered the victim's home with the intent to rob; the attempted robbery was completed once the perpetrators demanded money; the aggravated battery occurred after the victim had been moved upstairs to her laundry room; and the victim was falsely imprisoned when she was bound in her kitchen.

room served to give the perpetrators more control over the victim. See *Hammond v. State*, 289 Ga. 142, 145 (710 SE2d 124) (2011) (moving victim upstairs and between bathrooms was sufficient to show asportation as the movement enhanced the perpetrator's control over the victim). The fact that appellee and his cohorts did not know the victim was expecting a repairman was irrelevant to establishing the element of asportation. Therefore, the habeas court erred when it ruled that the element of asportation had not been proven, when it overturned appellee's conviction, and when it voided appellee's sentence for kidnapping with bodily injury. On remand, the habeas court is directed to effect the reinstatement of appellee's conviction and sentence for kidnapping with bodily injury.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General,* for appellant.

Victor Hardeman, *pro se.*