**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 13, 2013**

# In the Court of Appeals of Georgia

A13A0440. PIERCE v. THE STATE.                                    DO-017 C

DOYLE, Presiding Judge.

Cynthia Mack Pierce appeals from her conviction for improperly passing an emergency vehicle in violation of the Spencer Pass Law.[1] Pierce contends that (1) the law is unconstitutionally vague, and (2) that the evidence was insufficient to support the verdict. Because the constitutional challenge was not timely raised, and because the evidence supports the verdict, we affirm.

Construed in favor of the verdict,[2] the evidence shows that an officer was concluding a traffic stop in the center turn lane of a five-lane road. As he walked back to his patrol vehicle, he observed Pierce pass him in an adjacent lane. The officer's

---

[1] OCGA § 40-6-16 (a) & (b).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

patrol vehicle had its emergency blue lights activated, and the officer observed no traffic that would have prevented Pierce from moving out of the lane adjacent to the officer's lane. Based on his observation, the officer stopped Pierce and cited her for violating the Spencer Pass Law.

Following a bench trial, Pierce was convicted. She filed a motion for new trial at which she challenged the sufficiency of the evidence and argued that the Spencer Pass Law was unconstitutionally vague. Her motion was denied, giving rise to this appeal.

1. Pierce initially appealed to the Supreme Court of Georgia, invoking its exclusive appellate jurisdiction over novel constitutional questions.[3] But the Supreme Court transferred the case to this Court because Pierce failed to raise her constitutional challenge in the trial court at her first opportunity, and the issue was

_____

[3] See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) (providing that the Supreme Court shall have "exclusive appellate jurisdiction" in "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law . . . has been drawn in question"). See also *City of Decatur v. DeKalb County*, 284 Ga. 434, 436-437 (2) (668 SE2d 247) (2008) (explaining that the Supreme Court has interpreted this jurisdictional provision to extend only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack).

therefore not properly before the Court on appeal. Pierce made her challenge in her motion for new trial, but

> [i]t is well-established that a criminal defendant may not initiate a constitutional attack against a statute in either a motion for a new trial or a motion to arrest the judgment. A constitutional attack on a state statute must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the [factfinder].[4]

Because appellant waited until filing her motion for new trial, her challenge must be deemed waived on appeal.[5]

2. Pierce's challenge on the general grounds fails. When an appellate court reviews the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence,

---

[4] (Punctuation and footnotes omitted.) *Perez-Castillo v. State*, 275 Ga. 124, 125 (562 SE2d 184) (2002). See also *Brinkley v. State*, 291 Ga. 195, 196 (1) (728 SE2d 598) (2012) ("even constitutional challenges to sentencing statutes . . . are untimely if they are presented for the first time in a motion for new trial").

[5] See *Perez-Castillo*, 275 Ga. at 125.

and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[6]

Here, the evidence shows that Pierce passed the officer in a lane adjacent to the officer while he concluded a traffic stop and had his blue emergency lights activated. The officer testified that Pierce had room to move out of the adjacent lane and into a farther lane.

OCGA § 40-6-16 (b), the Spencer Pass Law, provides as follows:

> The operator of a motor vehicle approaching a stationary authorized emergency vehicle that is displaying flashing . . . blue lights shall approach the authorized emergency vehicle with due caution and shall, absent any other direction by a peace officer, proceed as follows:

> (1) Make a lane change into a lane not adjacent to the authorized emergency vehicle if possible in the existing safety and traffic conditions; or

> (2) If a lane change under paragraph (1) of this subsection would be impossible, prohibited by law, or unsafe, reduce the speed of the

---

[6] (Emphasis in original; citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

4

motor vehicle to a reasonable and proper speed for the existing road and traffic conditions, which speed shall be less than the posted speed limit, and be prepared to stop.

Viewed in favor of the verdict, the officer's testimony supports a finding that it was possible for Pierce to safely make a lane change into a lane not adjacent to the officer before she passed him. Accordingly, this enumeration presents no basis for reversal.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*