# Court of Appeals
# of the State of Georgia

ATLANTA,  June 23, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1973.  SHERRON BURRELL v. THE STATE.**

Based on an incident that occurred when he was 15 years old, Sherron Burrell was tried as an adult and convicted of kidnapping with bodily injury, aggravated assault, terroristic threats, and battery. He was sentenced to life in prison, with the possibility of parole, on the kidnapping conviction, as required by OCGA § 16-5-40 (d) (4). See *Horne v State*, 298 Ga. App. 601, 606 (3) (680 SE2d 616) (2009) (kidnapping statute "mandates a life sentence if the victim suffers any bodily injury"). In an amended motion for new trial, Burrell argued for the first time that "[i]t is unconstitutional to require a mandatory life sentence for juveniles, making the kidnapping with bodily injury sentencing scheme unconstitutional in Georgia." The trial court denied Burrell's motion, rejecting his constitutional challenge on the ground that while "[t]he Courts have held that a mandatory life sentence without the possibility of parole is unconstitutional as to juveniles, . . . there is no authority cited that a mandatory life sentence with the possibility of parole is unconstitutional." Burrell filed a notice of appeal to this Court, but he now moves to transfer the case to the Supreme Court based on that Court's jurisdiction over constitutional questions. The State opposes the motion.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). This exclusive jurisdiction extends "only to constitutional issues that were

distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted). Here, the trial court expressly rejected Burrell's challenge to the constitutionality of OCGA § 16-5-40 (d) (4), as applied to juveniles, and that challenge appears to present an issue of first impression. The State argues, however, that the Supreme Court's jurisdiction is not invoked because Burrell waived his constitutional challenge by failing to raise it at the earliest opportunity.

In general, "constitutional challenges to sentencing statutes, including those challenges based on the Eighth Amendment, are untimely if they are presented for the first time in a motion for new trial." *Jones v. State*, 290 Ga. 670, 674 (3) (725 SE2d 236) (2012). And a constitutional challenge that has been waived does not invoke the Supreme Court's exclusive jurisdiction. See *Perez-Castillo v. State*, 275 Ga. 124, 124 (562 SE2d 184) (2002). The State relies primarily on *Brinkley v. State*, 291 Ga. 195 (728 SE2d 598) (2012), in which the Supreme Court held that it lacked jurisdiction to consider the identical challenge presented here – that a mandatory life sentence for kidnapping with bodily injury is unconstitutional as applied to juveniles – because the defendant raised it for the first time in an amended motion for new trial. Id. at 198-200 (2).

In its more recent decision in *Veal v. State*, 298 Ga. 691 (784 SE2d 403) (2016), however, the Supreme Court addressed the merits of the defendant's belated argument that his sentence to life without parole for malice murder, which he committed as a juvenile, violated the Eighth Amendment. Id. at 700-703 (5) (d) The Supreme Court ruled that the defendant's challenge was "a substantive claim that, if meritorious, would render his sentence void." Id. at 701 (5) (d). As such, the challenge had not been waived, but instead could be properly raised in an amended motion for new trial and on direct appeal. Id. Further, the Court disapproved of *Brinkley* to the extent it held otherwise. Id.

As in *Veal*, Burrell's constitutional argument appears to be a substantive claim

that, if meritorious, would render his sentence void. Accordingly, it appears that Burrell may not have waived his constitutional challenge and that jurisdiction may lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), Burrell's motion to transfer is hereby GRANTED, and this appeal is TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __06/23/2020__
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*