**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 8, 2017**

# In the Court of Appeals of Georgia

A14A1848. ASHLEY v. THE STATE.

McFADDEN, Presiding Judge.

Thad Lee Ashley was convicted of kidnapping, criminal attempt to kidnap, entering an automobile, and criminal trespass. In our opinion in *Ashley v. State*, 331 Ga. App. 794 (771 SE2d 462) (2015), we reversed his convictions but held that, because the evidence was sufficient, he could be retried. In Division 1 of our opinion we held that the evidence was sufficient to support the convictions. Id. at 794-796 (1). In Division 2 of our opinion we held that the trial court improperly allowed the state to present character evidence against Ashley and that this error required reversal. Id. at 797-800 (2). Given that disposition, in Division 3 of our opinion we declined to address Ashley's remaining claims of error. Id. at 800 (3).

The Supreme Court of Georgia granted certiorari to review Division 2 of our opinion, and in *State v. Ashley*, 299 Ga. 450 (788 SE2d 796) (2016), the Court "reverse[d] [our] judgment as to Division 2 of the majority opinion[ ] and . . . remand[ed] the case for consideration of the other enumerations raised by Ashley." Id. at 458 (3).

Because the Supreme Court neither addressed nor considered Division 1 of our opinion in *Ashley v. State*, supra, 331 Ga. App. 794, and that Division is not inconsistent with the Supreme Court's own opinion, Division 1 "become[s] binding upon the return of the remittitur." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001). We vacate Division 2 of our earlier opinion and in place of that Division we adopt as our own the Supreme Court's opinion in *State v. Ashley*, supra, 299 Ga. 450. Finally, we vacate Division 3 of our earlier opinion and in place of that Division we address Ashley's other enumerations.

As detailed below, none of Ashley's other enumerations require reversal. The holding in Division 1 of our earlier opinion that the evidence was sufficient to support Ashley's convictions disposes of Ashley's claims that the trial court erred in failing to grant his directed verdict and that the verdict is contrary to the evidence. Ashley argues that the trial court made an improper comment on the evidence, but the trial

2

court did not express or intimate an opinion on whether any fact had been proved. Ashley argues that the trial court improperly charged the jury on kidnapping, but he did not object to the charge at trial and has not shown plain error. Ashley argues that the trial court erred by not granting a mistrial following the admission of recordings of Ashley's custodial statements or ordering those statements redacted, but he affirmatively stated at trial that he had no objection to the admission of this evidence. Ashley challenges the constitutionality of his sentence, but he did not raise this challenge at the first available opportunity. Finally, Ashley argues that he received ineffective assistance of counsel, but he has not shown that his trial counsel performed deficiently. For these reasons, we affirm his convictions.

1. *Facts.*

The earlier appellate decisions set forth in detail the evidence in and procedural posture of this case. See *State v. Ashley*, supra, 299 Ga. at 450-454 (1); *Ashley v. State*, supra, 331 Ga. App. 794-796 (1). In summary, the evidence viewed in the light most favorable to the verdict showed that Ashley approached a seven-year-old girl and a two-year-old girl, who were inside their family's minivan in front of their residence. He grabbed the older girl by the wrist and pulled her from the vehicle. After the older girl broke away from him, Ashley reached inside the vehicle toward

3

the younger girl. The girls' mother yelled at him and he fled. Ashley contended that, while intoxicated, he had mistaken the minivan for a vehicle belonging to his father, who lived in the same neighborhood as the victims. The state presented similar transaction evidence[1] of Ashley's disturbing behavior around other children at the neighborhood swimming pool.

2. *Failure to grant directed verdict; verdict contrary to the evidence.*

Ashley argues that the trial court erred in failing to grant his motion for directed verdict. He also argues that the verdict was contrary to the evidence, an argument he raised in his motion for new trial, which the trial court denied.

> [W]hether an appellant is asking [an appellate] court to review a trial court's refusal to grant a new trial on the general grounds or its refusal to grant a motion for directed verdict, this court can only review the case under the standard espoused in *Jackson v. Virginia*, [443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979)], to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict.

---

[1] We use the term "similar transaction" evidence in this opinion because this case was tried under Georgia's former Evidence Code. Our Supreme Court has adopted the term "other acts" evidence for cases decided under the new Evidence Code. See *State v. Jones*, 297 Ga. 156, 158 (1) n. 1 (773 SE2d 170) (2015).

*Lewis v. State*, 296 Ga. 259, 261-262 (3) (765 SE2d 911) (2014) (citation and punctuation omitted). Consequently, our analysis of the sufficiency of the evidence in Division 1 of our earlier decision in *Ashley v. State*, supra, 331 Ga. App. at 794-796 (1), which was not affected by the Supreme Court's decision in *State v. Ashley*, supra, 299 Ga. 450, resolves both claims of error in favor of the state.

3. *Trial court's alleged improper comment.*

Ashley argues that the trial court made an improper comment on the evidence in violation of OCGA § 17-8-57 while instructing the jury on similar transaction evidence. The version of that statute in effect at the time of Ashley's 2012 trial provided:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or the Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or the Court of Appeals may lawfully give.

Former OCGA § 17-8-57. (The current version of OCGA § 17-8-57 also prohibits the court from expressing or intimating an opinion on whether a fact has been proved but

precludes appellate review of that error, beyond plain error review, if there is no timely objection to the error.)

Ashley argues that the following statement by the trial court violated OCGA § 17-8-57:

> And my expectation is that, if you'll recall, [the prosecutor] made an opening statement about things going on in the swimming pool, and Mr. Ashley allegedly staring at little girls in the pool, and that sort of thing; and I'm assuming that this evidence relates to what [the prosecutor] described in his opening statement that he would prove. And so the law requires me to tell you that you have to limit your consideration of that solely to the issue of, what was Mr. Ashley's intent at the time the alleged incident at the van occurred. Is everyone clear on that?

This statement notified the jury that the prosecutor was about to present certain evidence mentioned in his opening statement; it did not express or intimate the trial court's opinion as to whether any fact had been or had not been proved. "There is a wide difference between saying that a particular thing has been proved and saying that there has [or will be] testimony on that thing." *Slaton v. State*, 224 Ga. App. 422, 423 (3) (b) (480 SE2d 872) (1997) (citation and punctuation omitted). See *Foster v. State*, 290 Ga. 599, 600-601 (2) (723 SE2d 663) (2012) (trial court's statement in pre-evidentiary charge that state would "introduce evidence in support of the charges

6

contained in the indictment" did not address credibility of witnesses or any fact at issue and did not violate OCGA § 17-8-57). Moreover, immediately before making the statement, the trial court told the jury that, "by giving this instruction, the Court in no way suggests to you that the defendant has or has not committed any other acts, nor whether such acts, if committed, prove anything." We find no violation of OCGA § 17-8-57. See *Bryant v. State*, 226 Ga. App. 135, 138 (3) (b) (486 SE2d 374) (1997) (trial court's jury charge on similar transactions did not violate OCGA § 17-8-57 where it was "obvious from the court's charge that the jury was instructed it could itself determine whether the alleged incident took place").

4. *Jury charge on kidnapping.*

Ashley argues that the trial court improperly charged the jury on the offense of kidnapping because the trial court did not instruct the jury on the principle, stated in OCGA § 16-5-40 (b) (1), that "slight movement of another person which occurs while in the commission of any other offense shall not constitute the offense of kidnapping if such movement is merely incidental to such other offense." Although Ashley raised the issue in his motion for new trial, he did not object to the charge at trial. Consequently, under OCGA § 17-8-58 (b) we apply plain error review to this claim. *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011).

7

Ashley cannot meet the first requirement for plain error, that there be "an error or defect . . . that has not been intentionally relinquished or abandoned, i. e., affirmatively waived, by the appellant." *Kelly*, supra, 290 Ga. at 33 (2) (a) (citation omitted). The record shows that Ashley intentionally relinquished any claim of error related to the charge on kidnapping by inducing the alleged error. At the charge conference the trial court stated his intent to instruct the jury on the entire statutory definition on kidnapping, including the language that Ashley now argues was erroneously omitted, but Ashley objected and specifically asked the trial court *not* to include that language in the charge. See *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975) (defendant cannot complain of jury charge that defendant requested; such charge is induced error, which is impermissible).

5. *Unredacted recordings of custodial statements*.

Ashley argues that recordings of two of his custodial statements contained comments by the interrogating law enforcement officer that were improper statements of that officer's opinion that invaded the province of the jury. See generally *Axelburg v. State*, 294 Ga. App. 612, 616-617 (2) (669 SE2d 439) (2008) (discussing circumstances under which comments of interrogating officer during custodial interview are improper and require redaction). He argues that the trial court should

8

have, sua sponte, either required redaction of the recordings or granted a mistrial after the unredacted recordings were played to the jury. But when the state tendered the unredacted recordings for admission, Ashley's trial counsel affirmatively stated that he had no objection. In so doing, trial counsel waived any objection to the evidence. See *Monroe v. State*, 272 Ga. 201, 204 (6) (528 SE2d 504) (2000).

6. *Sentencing*.

Ashley challenges the constitutionality of his life sentence for kidnapping the seven-year-old girl and his thirty-year sentence for criminal attempt to kidnap the two-year-old girl, arguing that the sentences are cruel and unusual punishment forbidden by the Eighth Amendment. Both sentences presumptively comply with the Eighth Amendment because they fall within the statutory limits set by the legislature for these offenses. See OCGA §§ 16-4-6 (a) (permitting 30-year sentence for person convicted of criminal attempt to commit crime punishable by life imprisonment), 16-5-40 (d) (2) (permitting life sentence for person convicted of kidnapping victim less than 14 years of age); *Grier v. State*, __ Ga. App. __, __ (6) (792 SE2d 737) (2016) (sentence that falls within statutory range of punishment set by legislature is presumed not to violate Eighth Amendment).

And Ashley's challenge to the constitutionality of his sentence was untimely because he did not make the challenge at the first available opportunity — in the sentencing hearing — but instead waited until his motion for new trial to object. "[E]ven constitutional challenges to sentencing statutes, including those challenges based on the Eighth Amendment, are untimely if they are presented for the first time in a motion for new trial." *Jones v. State*, 290 Ga. 670, 674 (3) (725 SE2d 236) (2012) (citations omitted). See *Parker v. State*, 220 Ga. App. 303, 310 (7) (469 SE2d 410) (1996). "Because his challenges were untimely, they are not subject to review." *Jones*, supra at 674 (3) (citations omitted).

7. *Ineffective assistance of trial counsel.*

Ashley argues that his trial counsel gave ineffective assistance in connection with the admission of recordings of Ashley's custodial statements. To prevail on this claim, Ashley

> must show [both] that trial counsel's performance [was deficient in that it] fell below a reasonable standard of conduct and that [it was prejudicial because] there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance. If [Ashley] fails to [prove] either prong of the [two-part] test, this relieves the reviewing court of the need to address the other prong.

10

*Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (citations and punctuation omitted). The trial court found that Ashley did not meet his burden of showing that his trial counsel performed deficiently, and we agree.

When Ashley's trial counsel was asked, at the hearing on Ashley's motion for new trial, about the decisions he made relating to the recordings of Ashley's custodial statements, trial counsel testified that he had seen no issue with the voluntariness of the statements, that in all of the statements Ashley had denied committing a crime, that the statements were consistent with the testimony he expected Ashley to give at trial in his own defense, and that he believed the statements supported Ashley's defense that, while intoxicated, he mistook the minivan for his father's vehicle. As such, he articulated a reasonable strategy for not seeking to exclude the statements. See *Byrd v. State*, 274 Ga. 58, 60-61 (2) (548 SE2d 2) (2001) (finding no ineffective assistance where trial counsel wanted defendant's custodial statement to come into evidence as part of his strategy to portray defendant as truthful and to demonstrate that defendant lacked criminal intent).

Trial counsel gave no testimony at the hearing on the motion for new trial about why he did not seek redaction of the interrogating officer's comments that Ashley contends were improper statements of opinion (see Division 5, supra). And

11

Ashley has not shown that those comments would have required redaction. As our Supreme Court has explained, "[l]aw enforcement interrogations are, by their very nature, attempts to determine the ultimate issue and credibility of witnesses. Comments made in such an interview and designed to elicit a response from a suspect do not amount to opinion testimony, even when testimony reflecting the comments is admitted at trial." *Butler v. State*, 292 Ga. 400, 406 (3) (a) (738 SE2d 74) (2013) (citations and punctuation omitted). Accord *Dubose v. State*, 294 Ga. 579, 587 (6) (b) (755 SE2d 174) (2014). The comments challenged by Ashley were designed to elicit a response from him in the course of the interrogation. The officer did not cast herself as an expert on Ashley's veracity in any of the comments. Compare *Axelburg v. State*, 294 Ga. App. 612, 618 (2) (669 SE2d 439) (2008) (officer claimed in recorded interview to be forensic interviewing expert who could tell when interview subject was lying to him). For these reasons, Ashley has not shown that trial counsel provided deficient performance in failing to seek redaction of the comments.

*Judgment affirmed. Doyle, C. J., Barnes, P. J., Andrews, Ray, Branch, and Self, JJ., concur.*