**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

April 14, 2026

# In the Court of Appeals of Georgia

A26A0517. REBOLLAR v. THE STATE

MCFADDEN, Presiding Judge.

After a jury trial, Marcelino Rebollar was convicted on two counts of aggravated child molestation and one count of child molestation in connection with acts against N. S. On appeal, Rebollar challenges the sufficiency of the evidence supporting one of the aggravated child molestation convictions, but the trial evidence authorized the jury to find him guilty of that offense. Rebollar argues that he received ineffective assistance of trial counsel, but he has not demonstrated that his trial counsel performed deficiently. Finally, Rebollar challenges the constitutionality of his sentence, but he did not preserve the challenge for appellate review. So we affirm.

1. *Sufficiency of the evidence*

Rebollar argues that the evidence was insufficient to support his conviction for aggravated child molestation. The jury found Rebollar guilty of two counts of that offense, which is committed when a "person commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4(c). "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another[,]" OCGA § 16-6-2(a)(1), and in the two aggravated child molestation counts on which Rebollar was convicted the state alleged both types of sodomy.

Rebollar addresses only the evidence pertaining to one of those counts, which alleged that he committed aggravated child molestation by committing an act of child molestation "involving [his] penis . . . and the mouth of [N. S.]" He makes no argument relevant to the sufficiency of the evidence supporting his other aggravated child molestation conviction, on a count alleging that he committed the offense by committing an act of child molestation involving his penis and N. S.'s anus. To the extent he seeks to also challenge the sufficiency of the evidence on that other count, he has abandoned that claim. See Court of Appeals Rule 25(d)(1) ("Any enumeration

of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

Turning to the evidence supporting Rebollar's conviction, we note that on appeal, Rebollar

> is no longer presumed innocent and all of the evidence is viewed in the light most favorable to the jury's verdict. In evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.

*Fossier v. State*, 362 Ga. App. 184, 185(1) (867 SE2d 545) (2021) (citations and punctuation omitted).

So viewed, the evidence showed that Rebollar is N. S.'s stepfather. Beginning when N. S. was ten years old and continuing over several years, Rebollar repeatedly sexually abused her. At trial, N. S. described multiple incidents in which Rebollar touched her breast and vagina with his hand beneath her clothing and rubbed his penis on her anus. The jury also heard evidence, described below, that Rebollar had put his penis in N. S.'s mouth.

In support of his argument that the evidence was insufficient, Rebollar points to trial testimony by N. S. that Rebollar attempted to put his penis in her mouth but did not succeed in doing so. But N. S. also testified that she previously had told the prosecutor that Rebollar had put his penis in her mouth, and when she was asked, "[a]s you remember here today, did it happen or not," she replied, "yes." Similarly, in the forensic interview that was played for the jury, N. S. was asked if Rebollar's penis was ever in her mouth, and she responded, "hmm, uh no . . . but yeah." The interviewer responded, "It was? Ok," and then asked a followup question, to which N. S. provided additional details about that incident.

These inconsistencies in the evidence as to whether Rebollar actually put his penis in N. S.'s mouth or merely tried to do so go "to the weight of [her] testimony and her credibility as a witness, not to the sufficiency of the evidence presented." *Atkins v. State*, 342 Ga. App. 849, 851(1) (805 SE2d 612) (2017). See *Smith v. State*, 361 Ga. App. 436, 439(1)(b) (864 SE2d 645) (2021) (holding that the factfinder may credit a statement in a forensic interview over trial testimony). So the evidence was sufficient to support his conviction on that count.

2. *Ineffective assistance of trial counsel*

Rebollar asserts that his trial counsel was ineffective for failing to request that the jury be charged with the lesser offense of attempted aggravated child molestation. He argues that N. S.'s trial testimony, described above, warranted a charge on the lesser offense. To prevail on this claim, Rebollar "must show both deficient performance and resulting prejudice." *Robinson v. State*, 323 Ga. 7, 14(3) (921 SE2d 319) (2025). This is a heavy burden, and if Rebollar "fails to establish either prong of this test, we need not address the other [prong]." Id.

To show deficient performance, Rebollar "must demonstrate that counsel performed counsel's duties in an objectively unreasonable way, considering all of the circumstances and in the light of prevailing professional norms." *Robinson*, 323 Ga. at 14(3) (citation and punctuation omitted). To overcome the "strong presumption that counsel performed reasonably," Rebollar "must show that no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not." Id. (citations and punctuation omitted).

Rebollar has not made the necessary showing. "Decisions about which defenses to present and which jury charges to request are classic matters of trial strategy, and pursuit of an all-or-nothing defense is generally a permissible strategy." *Gardner v.*

5

*State*, 310 Ga. 515, 519(2) (852 SE2d 574) (2020) (citation and punctuation omitted). Rebollar's trial counsel did not testify at the hearing on his motion for new trial, making it difficult for him to overcome the strong presumption that trial counsel acted reasonably. See *Smith v. State*, 320 Ga. 825, 833(1)(a) (912 SE2d 563) (2025). And he offers no meaningful argument for why his trial counsel's failure to request such a charge was unreasonable; he merely asserts that the evidence supported the charge on the lesser offense and incorrectly argues that it was the *state's* burden to show that counsel's failure to request the charge could have been a reasonable trial tactic. So he has not demonstrated that his trial counsel performed deficiently by failing to request a charge on attempt, and thus he has not shown that he received ineffective assistance of trial counsel.

3. *Sentence*

The trial court sentenced Rebollar to serve two consecutive life sentences on the two aggravated child molestation convictions. He argues that this sentence, as applied to the facts of this case, violated the prohibition against cruel and unusual punishment found in the United States and Georgia Constitutions.

Constitutional challenges to sentences must be made at the first opportunity, which is generally the sentencing hearing rather than in a motion for new trial. *Brinkley v. State*, 291 Ga. 195, 197(1) (728 SE2d 598) (2012) (citation and punctuation omitted), disapproved in part on other grounds by *Veal v. State*, 298 Ga. 691, 701(5)(d) (784 SE2d 403) (2016); *Jones v. State*, 290 Ga. 670, 674(3) (725 SE2d 236) (2012); *Miller v. State*, 351 Ga. App. 757, 768-69(2)(b) (833 SE2d 142) (2019); *Ashley v. State*, 340 Ga. App. 539, 544(6) (798 SE2d 235) (2017). There is an exception to this rule for challenges that, if meritorious, would render a sentence void. See *Veal*, 298 Ga. at 701(5)(d), overruled in part on other grounds by *Jones v. Mississippi*, 593 US 98 (141 SCt 1307, 209 LE2d 390) (2021). The exception does not apply here because the sentences are within the range that the law allows. See OCGA § 16-6-4(d)(1) (permitting a life sentence for an aggravated child molestation conviction); *von Thomas v. State*, 293 Ga. 569, 571-72(2) (748 SE2d 446) (2013) (holding that a void sentence is one that imposes punishment that the law does not allow, "most typically because it exceeds the most severe punishment for which the applicable penal statute provides").

Rebollar did not challenge his sentence at the first opportunity. Rather than making the objection at his sentencing hearing, he raised it for the first time in an amended motion for new trial. Rebollar's "cruel and unusual punishment claim was untimely when first raised in his amended motion for new trial, and he has waived review of the merits of that constitutional issue on appeal." *Brinkley*, 291 Ga. at 197(1). Accord *Ashley*, 340 Ga. App. at 544(6).

*Judgment affirmed. Watkins and Padgett, JJ., concur.*