672 S.E.2d 622 (2009)
In the Interest of K.R.S., a child.
No. S08A2005.
Supreme Court of Georgia.
January 26, 2009.
*623 W. Keith Barber, Stuart Hunter Patray, Statesboro, for appellant.
Richard Ashley Mallard, Dist. Atty., Kathy A. Bradley, Asst. Dist. Atty., for appellee.
Richard E. Currie, Dist. Atty., Charles C. Olson, amici curiae.
THOMPSON, Justice.
This appeal involves a constitutional challenge to OCGA §§ 16-15-3(1)(I), 16-15-3(2), and 16-15-4(a), provisions in the Georgia Street Gang Terrorism and Prevention Act (the "Act"). OCGA § 16-15-1 et seq. Appellant, a juvenile, was charged in a delinquency petition with one count of battery, two counts of simple battery, one count of influencing a witness, and two counts of street gang activity. The battery and simple battery charges served as the predicate offenses for the criminal street gang counts pursuant to OCGA § 16-15-4(a), which makes it "unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal street gang activity through commission of any offense enumerated in paragraph (1) of Code Section 16-15-3." Appellant moved to dismiss *624 the street gang counts on the ground that OCGA §§ 16-15-3 and 16-15-4(a) are unconstitutionally vague and overbroad. The trial court denied the motion to dismiss but certified its order for immediate review and this Court granted appellant's application for interlocutory appeal. See OCGA § 5-6-34(b). Because we find that the challenged sections are not unconstitutionally vague or overbroad, we affirm the trial court's denial of appellant's motion to dismiss.
1. It is incumbent upon this Court to inquire into its own jurisdiction, regardless of whether the issue of jurisdiction is raised by the parties. Nix v. Watts, 284 Ga. 100, 664 S.E.2d 194 (2008). As recently reaffirmed in Jenkins v. State, 284 Ga. 642, 670 S.E.2d 425 (2008), this Court has jurisdiction to consider a constitutional question that has been raised and distinctly ruled upon in the trial court. Here, the record shows that appellant's motion to dismiss challenged solely on constitutional grounds the State's charges of street gang activity. Although the trial court's order does not specifically identify or substantively discuss the constitutional issues raised in appellant's motion, the trial court clearly ruled on the constitutional issues inasmuch as those issues were the only issues raised in the motion. Accordingly, we find the constitutional issues forming the basis for this appeal were raised and distinctly ruled upon in the trial court, thus invoking this Court's constitutional question jurisdiction. See Jenkins, supra.
2. Appellant contends that OCGA §§ 16-15-4(a), 16-15-3(2), and 16-15-3(1) are unconstitutionally vague because they fail to provide clear warning as to what constitutes "criminal gang activity," or being illegally "associated with" a "criminal street gang," and fail to set explicit standards for enforcement. We disagree.
The Act makes it "unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal street gang activity." OCGA § 16-15-4(a). It defines a "criminal street gang" as
any organization, association, or group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity as defined in paragraph (1) of this Code section.
OCGA § 16-15-3(2). The Act enumerates ten offenses that constitute criminal gang activity, OCGA § 16-15-3(1)(A)-(J), and pertinent to this appeal, includes in the definition of criminal gang activity the commission or attempted commission of
[a]ny criminal offense committed in violation of the laws of the United States or its territories, dominions, or possessions, any of the several states, or any foreign nation which, if committed in this state, would be considered criminal gang activity under this Code section.
OCGA § 16-15-3(1)(I).
It is a "basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Vagueness invalidates criminal statutes that fail to provide clear warning to the average citizen of what conduct is criminally forbidden or fail to provide explicit standards for its enforcement to law enforcement officers. City of Chicago v. Morales, 527 U.S. 41, 55, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); Hall v. State, 268 Ga. 89, 485 S.E.2d 755 (1997). This is because vague laws without clear enforcement criteria can result in unfair, discriminatory enforcement. Grayned, supra at 108-109, 92 S.Ct. 2294; Bullock v. City of Dallas, 248 Ga. 164, 166, 281 S.E.2d 613 (1981).
(a) Appellant challenges the definitional language of OCGA § 16-15-3(1)(I) on vagueness grounds, contending that it could be interpreted to allow a criminal defendant to be charged with criminal gang activity based upon conduct in Georgia which violates any law in the United States or its territories. A plain reading of OCGA § 16-15-3(1)(I) demonstrates, however, that a defendant charged with violating this provision must do more than commit a criminal offense in violation of the laws of the United States or other foreign jurisdiction. Subsection (I) also mandates that a defendant's conduct come within one of the defined categories of criminal gang activity enumerated in OCGA § 16-15-3(1) (A)-(H), (J). We find the description of these enumerated crimes, which include, inter alia, racketeering, aggravated *625 sodomy, statutory rape, criminal trespass, property damage, and crimes involving violence, together with their correlating statutory provisions in the criminal code, provide sufficient notice to the ordinary citizen and clear guidance to law enforcement authorities as to what conduct is forbidden under the statute.
(b) Appellant also contends that OCGA § 16-15-4(a) is vague because it fails to inform ordinary citizens of what associations with a criminal street gang are prohibited under the statute. As this Court recently held in Rodriguez v. State, 284 Ga. 803, 806, 671 S.E.2d 497 (2009), the language of OCGA § 16-15-4(a) "impl[ies] the presence of others who are managed, controlled, led or guided in the `criminal street gang activity' by the defendant or who take part in or share in that activity with the defendant." Id. The statute thus requires that a "defendant's association with the group must not only be active, but must include his commission of an enumerated offense." Id. We conclude that the requirement of active participation in criminal street gang activity provides sufficiently definite warning to persons of ordinary intelligence of the prohibited conduct.
3. Appellant's contention that the provisions of OCGA § 16-15-1 et seq. are overbroad because they criminalize the constitutionally protected freedom of association was decided against him in Rodriguez, supra at 810(4), 671 S.E.2d 497 ("Criminal gang activity `is not protected activity even when committed by a group exercising their constitutional right to free association'").
Judgment affirmed.
All the Justices concur.