318 Ga. 145
FINAL COPY

S24A0312. WILLIAMS V. REGENCY HOSPITAL COMPANY,

LLC ET AL.

ORDER OF THE COURT.

In April 2023, the appellant filed this action on behalf of her mentally incapacitated ward for the respondents' alleged medical malpractice between September 23, 2020, and October 22, 2020. The respondents filed separate motions to dismiss, arguing that the general two-year statute of limitation for medical malpractice actions in OCGA § 9-3-71 (a) barred the claims because, under § 9-3-73 (b), "[n]otwithstanding Article 5 of [Title 9, Chapter 3], all persons who are legally incompetent because of intellectual disability or mental illness . . . shall be subject to the periods of limitation for actions for medical malpractice provided in [Title 9, Chapter 3, Article 4]." See OCGA § 9-3-90 (a) ("Individuals who are legally incompetent because of intellectual disability or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring

an action as is prescribed for other persons."). The respondents specifically noted that in *Deen v. Stevens*, 287 Ga. 597 (698 SE2d 321) (2010), this Court rejected a challenge to the constitutionality of OCGA § 9-3-73 (b), in which the appellant argued that the statute irrationally discriminated against the mentally incompetent in violation of the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph II of the Georgia Constitution of 1983. In *Deen*, we held that the non-tolling provision of OCGA § 9-3-73 (b) is rationally related to the General Assembly's objectives set out in OCGA § 9-3-73 (f) "of providing quality health care, assuring the availability of physicians, preventing the curtailment of medical services, stabilizing insurance and medical costs, preventing stale medical malpractice claims, and providing for the public safety, health, and welfare as a whole." In response, the appellant argued that OCGA § 9-3-73 (b) is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the statute's distinction between mentally incompetent

medical malpractice plaintiffs and mentally incompetent plaintiffs in other types of cases is not rationally related to the statute's stated objective of ensuring access to affordable healthcare by stemming the filing of stale medical malpractice claims. In its order granting the motions to dismiss in this case, the trial court concluded that the ward's incapacity did not toll the statute of limitation and summarily stated as to the appellant's federal equal protection argument that "[t]he Supreme Court of Georgia has already decided this issue against the Plaintiff. Deen v. Stevens, 287 Ga. 597, 602 (2010)."

In directing her appeal to this Court, the appellant asserts that this Court has jurisdiction over the direct appeal because "it involves an issue of the constitutionality of a Georgia Statute." In her brief to this Court, the appellant concedes that "ensuring access to affordable healthcare is a legitimate legislative objective" but asserts that "[t]here is no evidence that medical malpractice lawsuits are the substantial cause of increased healthcare costs." The appellant argues that "empirical studies" show that the stated

government objective for the non-tolling provision of OCGA § 9-3-73 (b) "is no longer reasonably furthered by discriminating against mentally incompetent medical malpractice [p]laintiffs" and "has been rendered constitutionally invalid as it is arbitrary, and thus no longer serves a rational purpose."

This Court has exclusive jurisdiction over all cases "in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (469 SE2d 22) (1996). To invoke this Court's jurisdiction over cases involving such questions, the constitutional question must have been raised and distinctly ruled upon in the trial court. See *In re K. R. S.*, 284 Ga. 853, 853 (672 SE2d 622) (2009). Even presuming that this case raises a novel constitutional question, the trial court did not distinctly rule on any such question because it concluded that the appellant's arguments were foreclosed by this Court's existing precedent in *Deen*, and the court did not address the appellant's arguments to the extent that they raised an issue

distinct from the one addressed in *Deen*. See generally *City of Decatur v. DeKalb County*, 284 Ga. 434, 435-437 (668 SE2d 247) (2008).

Accordingly, as there is no other basis for the exercise of this Court's jurisdiction over this appeal, see Ga. Const. of 1983, Art. VI, Sec. VI, Par. II-III; OCGA § 15-3-3.1, it is transferred to the Court of Appeals. If the Court of Appeals, following its review of the appeal, disagrees with the trial court's rationale for granting the respondents' motions to dismiss, it may vacate that portion of the trial court's order and remand the case to the trial court for consideration in the first instance of any novel constitutional question.

*All the Justices concur, except Bethel, McMillian, Colvin, and Pinson, JJ., who dissent.*


McMillian, Justice, dissenting.

Because this case presents a novel constitutional question, which was distinctly ruled upon below, such that this Court's

exclusive jurisdiction over constitutional questions is invoked, I respectfully dissent to the Court's transfer of this case to the Court of Appeals.

On April 7, 2023, Andreana Williams as guardian and conservator of Michelle Hewett filed a medical malpractice action against Regency Hospital Company, LLC, Regency Hospital Company of Macon, LLC, and Jacquita Baldwin (collectively "Defendants") based on the care and treatment that Hewett received between September 23, 2020 and October 22, 2020, and alleged that Hewett was permanently mentally incapacitated as of September 4, 2020. Defendants filed separate motions to dismiss based, in part, on the expiration of the two-year statute of limitation. See OCGA §§ 9-3-71 (a); 9-3-73 (b).[1] In response, Williams argued:

> In the present action, there is no dispute that OCGA
> § 9-3-73 (b) treats mentally incompetent Plaintiffs in

---

[1] OCGA § 9-3-71 (a) provides: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-73 (b) provides in relevant part: "Notwithstanding Article 5 of this chapter, all persons who are legally incompetent because of intellectual disability or mental illness . . . shall be subject to the periods of limitation for actions for medical malpractice provided in this article."

medical malpractice actions differently, and unequally, from mentally incompetent Plaintiffs in non-medical malpractice actions. See OCGA § 9-3-90. As such the question before this Court is whether the statutory distinction between similarly situated mentally incompetent Plaintiffs is rationally related to a legitimate government objective.

In support of her argument, Williams pointed to *Deen v. Stevens*, 287 Ga. 597 (698 SE2d 321) (2010), to show that the disparate treatment of mentally incompetent medical malpractice plaintiffs from such plaintiffs in other types of lawsuits was not rationally related to the legitimate government objective "to ensure to its citizens affordable access to quality healthcare." Id. at 602 (2) (b).

The trial court granted the Defendants' motions to dismiss and dismissed the case with prejudice, explaining that: "Plaintiff argues that OCGA § 9-3-73 (b) violates Ms. Hewett's equal protection rights under the 14th Amendment to the United States Constitution. The Supreme Court of Georgia has already decided this issue against the Plaintiff. [*Deen*, 287 Ga. at 602]."[2] This appeal followed in which Williams challenges the constitutionality of OCGA § 9-3-73 (b) on

_____

[2] The trial court did not conduct any further analysis of the equal protection claim.

the same grounds as she did in the trial court.

This Court has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). To fall within our jurisdiction, the constitutional issue raised on appeal must not have already been resolved by this Court. See *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996); *Phillips v. State*, 229 Ga. 313, 313 (191 SE2d 61) (1972). And the constitutional issue must have been "raised in and ruled upon by the trial court." *Lane*, 266 Ga. at 658 (1). See *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988). A ruling in the trial court by necessary implication is sufficient to meet this standard. See *Wilkes & McHugh, P.A. v. LTC Consulting, L.P.*, 306 Ga. 252, 257 (1) (c) & n.6 (830 SE2d 119) (2019) (trial court implicitly rejected plaintiff's First Amendment challenge to statute by denying the defendant's motion).

Here, Williams argues that OCGA § 9-3-73 (b) arbitrarily treats similarly situated incompetent medical malpractice plaintiffs

differently from incompetent plaintiffs in other kinds of lawsuits by not allowing the benefit of tolling to the medical malpractice plaintiffs in violation of the Equal Protection Clause of the United States Constitution. Although *Deen* considered a similar issue, the plaintiff there argued that applying OCGA § 9-3-73 (b) "to her complaint violates equal protection by arbitrarily discriminating against mentally incompetent adults" as a class. *Deen*, 287 Ga. at 600 (2). Williams, in contrast, complains of discrimination between subclasses of mentally incompetent adults. Because this specific issue has not been considered by *Deen* or any other case by this Court, the requirement for a novel constitutional question has been met for purposes of determining this Court's jurisdiction. See *Lane*, 266 Ga. at 658 (1); *Phillips*, 229 Ga. at 313.

Although the Court in its transfer order presumes that this case raises a novel constitutional question, the Court concludes that "the trial court did not distinctly rule on any such question because it concluded that the appellant's arguments were foreclosed by this Court's existing precedent in *Deen*, and the court did not address the

appellant's arguments to the extent that they raised an issue distinct from the one addressed in *Deen*." (Order at 147.) However, in granting the motions to dismiss on statute of limitation grounds and dismissing the case with prejudice, the trial court necessarily rejected the constitutional claim that Williams raised even though the court did not expound on its reasoning. See *Wilkes & McHugh*, 306 Ga. at 257 (1) (c) & n.6. Cf. *City of Decatur v. DeKalb County*, 284 Ga. 434, 436 (1) (668 SE2d 247) (2008) (noting that "the appellate record clearly reflect[ed] that the trial court did not specifically or directly pass upon the [constitutional] question").

And to the extent the trial court may have mistakenly determined that Williams's argument was foreclosed by *Deen* such that it need not further consider the merits of Williams's argument,[3] it is clear from the filings that Williams is asserting a different equal protection claim than the one in *Deen*. It is equally clear from the

---

[3] Notably, the trial court did not conclude that *Deen* squarely foreclosed Williams's equal protection claim. The order can be reasonably read as extending *Deen* to reject Williams's claim that there is no rational relationship to a legitimate government objective for the disparate treatment of subclasses of mentally incompetent adult plaintiffs.

trial court's order that the trial court rejected that claim. That is all that is needed to invoke this Court's jurisdiction.

For these reasons, I dissent from the Court's order determining that there is no basis for the exercise of this Court's jurisdiction over this appeal and would retain the appeal for consideration on the merits.

I am authorized to state that Justices Bethel, Colvin, and Pinson join in this dissent.

Ordered January 17, 2024.

OCGA § 9-3-73 (b); constitutional question. Bibb State Court. Before Judge Hanson.

*Mayo Hill, Michael B. Hill*, for appellant.

*Chambless Higdon Richardson Katz & Griggs, David N. Nelson; Huff Powell & Bailey, Sharonda B. Barnes*, for appellees.